■ In the Matter of DANIEL AUBIN, Petitioner, v COUNTY OF JEFFERSON (HIGHWAY DEPARTMENT), Respondent. [667 NYS2d 530] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner, a mechanic employed by respondent, County of Jefferson Highway Department (County), was subjected to a random breath alcohol test procedure pursuant to the County's Drug and Alcohol Testing Policy (Policy) for safety sensitive positions. The initial screening test yielded a positive .052 result, and a confirmatory test yielded a positive .047 result. Because the test results exceeded

the Policy limits of .04, the County's Highway Superintendent suspended petitioner for 30 days without pay. After a hearing, the Hearing Officer recommended that petitioner be found not guilty. However, the Highway Superintendent rejected that recommendation, found petitioner guilty based upon the test results and determined that the initial suspension was the appropriate penalty. Petitioner commenced this CPLR article 78 proceeding seeking to annul that determination.

We reject the contention of petitioner that the test results do not constitute substantial evidence in support of the determination that he violated the County's Policy because the breath alcohol technician lacked the requisite competence to conduct the tests and because of alleged defects in the testing procedures. The technician testified that she successfully completed a three-day training program regarding use of an approved "evidential breath testing device" (49 CFR 40.3); that she was familiar with the pertinent regulatory requirements for the breath alcohol testing procedures published in the Federal Register (*see*, 59 Fed Reg 7357, currently codified at 49 CFR part 40, subpart C); and that she had previously performed 478 breath alcohol tests, none of which had been questioned. Petitioner submitted no evidence that the technician failed to comply with the training or proficiency requirements of 49 CFR 40.51.

Conflicting testimony was presented regarding an aborted attempt to conduct a screening test and whether petitioner was given a fresh mouthpiece for the second screening test. We perceive no reason to disturb the Highway Superintendent's resolution of that conflict consistent with the technician's testimony. Although there is evidence that petitioner drank coffee during the 15-minute waiting period between the initial screening test and the confirmatory test, there is no evidence that his ingestion of the coffee increased the level of breath alcohol. Further, although it is undisputed that unauthorized personnel had access to the room where the testing was conducted, there is no evidence that any unauthorized personnel actually saw or heard the results of either test (*see*, 49 CFR 40.57 [a], [c]). Neither impropriety renders the test results invalid (*see*, 49 CFR 40.79), and neither impropriety impaired the integrity of the test results.

We further conclude that the penalty imposed is not " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents*, 4 AD2d 361, 364). (CPLR art 78

Proceeding Transferred by Order of Supreme Court, Jefferson County, Gilbert, J.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.